# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

COUNTY OF SANTA FE, NEW MEXICO,

    Plaintiff,

    vs.                                  No. CIV 99-0289 JC/KBM (ACE)

PUBLIC SERVICE COMPANY OF NEW MEXICO,
and THE UNITED STATES OF AMERICA, acting by
and through the DEPARTMENT OF INTERIOR,
BUREAU OF LAND MANAGEMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Hacienda del Cerezo, Ltd.; Moss Farms, LLC; Energy Concerned Home Owners (ECHO); and Santa Fe Northwest Advisory Council's (SNAC) (collectively Intervenors) Motion to Intervene, filed February 23, 1999 *(Doc. 33 in Cause No. CIV 98-1527 JC/LFG)*. Intervenors move pursuant to FED. R. CIV. P. 24(a)(2), or in the alternative FED. R. CIV. P. 24(b)(2), to intervene in this action and file their complaint in intervention.

**I.    Background**

On September 3, 1999, the County of Santa Fe, New Mexico (County), filed an Amended Complaint for Injunctive Relief and Declaratory Judgment (Amended Complaint) *(Doc. 28)* against the Public Service Company of New Mexico (PNM) and the United States Bureau of Land Management (BLM). In its Amended Complaint, the County states that it adopted an amendment to the "Santa Fe County Land Development Code requiring, among other things, that all transmission

lines in the County be buried underground unless otherwise permitted by the County Commission, that the terrain management regulations and other environmental regulations in the Code be satisfied when constructing a transmission line, and that all utility companies obtain a development permit from the County prior to the construction of any transmission line." Am. Compl. at ¶ 7. The BLM granted PNM a right-of-way to construct a transmission line from the Norton substation to the Tesuque area, 4.336 miles in length. *Id*. at ¶ 8. The right-of-way grant apparently also requires PNM to obtain a development permit from the County. *Id*.

The County asks in its lawsuit for a declaratory judgment stating that "PNM must obtain a development permit from the County meeting all of the applicable requirements in the Santa Fe County Land Development Code before constructing any transmission lines in the County" even on BLM land. *Id*. at ¶ 23 and page 4. The County also asks the Court to enjoin PNM and the BLM, its agents, and its employees from taking "any action whatsoever in furtherance of the construction of PNM's transmission line unless and until PNM complies with all Santa Fe County Land Development Code requirements for the construction of said transmission line and obtains a development permit from the County. . . ." *Id*. at 4.

Intervenor Hacienda del Cerezo, Ltd. (Hacienda), owns property over which the transmission line will be built.[1] The transmission line will also run directly across the view scape of Intervenor Moss Farms. ECHO and SNAC are comprised, respectively, of concerned citizens of Santa Fe County and several northwest Santa Fe County homeowner associations. ECHO and SNAC are concerned that an overhead transmission line "will result in the disruption of soil conditions, require the use of maintenance roads, affect drainage patterns, deteriorate animal habitats and will

---

[1] PNM has an easement on the Hacienda property to build an overhead transmission line.

permanently mar the visual landscape of a pristine corridor in the County." Mem. in Support of Mot. to Intervene at 2, filed Feb. 23, 1999 *(Doc. 34 in Cause No. CIV 98-1527 JC/LFG)*.

**II.    Discussion**

Since I believe that permissive intervention is appropriate in this case, I find it unnecessary to address whether the Intervenors can intervene as a matter of right under FED. R. CIV. P. 24(a)(2). For permissive intervention, a party may intervene when his or her claim or defense and the main action have a question of law or fact in common. FED. R. CIV. P. 24(b)(2). In determining whether permissive intervention is appropriate, the court considers whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. *Id*. In this case, as Intervenors have stated, there is a common question of law, namely, whether PNM is required to comply with the Santa Fe County Land Development Code. Allowing Intervenors to intervene would also not unduly delay or prejudice this particular case. Instead, Intervenors' participation in the New Mexico Public Utility Commission and County proceedings concerning the construction of these transmission lines as well as SNAC's involvement in BLM studies of the area should be helpful in completely understanding all the facets of this case. Moreover, the only additional issue Intervenors will introduce in this lawsuit is whether the Bureau of Indian Affairs (BIA) Right-of-Way permit mandates only above ground transmission lines over Tesuque Pueblo lands. For all of these reasons, I find that permissive intervention should be granted.

Wherefore,

IT IS ORDERED that the Motion to Intervene, filed February 23, 1999 *(Doc. 33 in Cause No. CIV 98-1527 JC/LFG)* is **granted** and Intervenors have ten days from the date of this Memorandum Opinion and Order to file their complaint in intervention.

DATED this 31st day of January, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Intervenors: | Jon T. Neumann<br>Steptoe & Johnson<br>Phoenix, Arizona |
| Counsel for Plaintiff: | Maria H. Perides-Gross<br>Denice K. Brown<br>Santa Fe County Attorney's Office<br>Santa Fe, New Mexico |
| Counsel for PNM: | Susan M. D. McCormack<br>Richard B. Cole<br>Kurt Wihl<br>Keleher & McLeod<br>Albuquerque, New Mexico |
| Counsel for United States: | John W. Zavitz<br>Assistant U. S. Attorney's Office<br>United States Attorney's Office<br>District of New Mexico<br>Albuquerque, New Mexico |