**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

COUNTY OF SANTA FE, NEW MEXICO,

      Plaintiff,

      vs.                                                    No. CIV 99-0289 JC/KBM  (ACE)

PUBLIC SERVICE COMPANY OF NEW MEXICO,
and THE UNITED STATES OF AMERICA, acting by
and through the DEPARTMENT OF INTERIOR,
BUREAU OF LAND MANAGEMENT,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      THIS MATTER comes before the Court upon Plaintiff County of Santa Fe and Defendants Public Service Company of New Mexico (PNM), and United States of America, acting by and through the Department of Interior, Bureau of Land Management's (BLM), Motion to Dismiss Under Rule 41(a)(2), filed February 2, 2000 *(Doc. 48)*. Plaintiff and PNM have entered into a Settlement Agreement and Release. The BLM does not oppose the settlement. These parties, therefore, agree to voluntarily dismiss this action with prejudice solely to end the litigation among themselves and have provided a proposed Order of Dismissal Under Rule 41(a)(2). The Intervenor Plaintiffs do not consent to this motion to dismiss because they believe a dismissal will prejudice their case against PNM, Plaintiff, and the County of Santa Fe Board of Commissioners. The Intervenor Plaintiffs request by a letter, dated June 5, 2000, that oral argument be heard on this motion and that any resolution of the motion to dismiss other than denial should be made after further discovery and, if

necessary, an evidentiary hearing. I find that oral argument and further discovery is not necessary on this motion and so will proceed to address the merits of the motion to dismiss.[1]

Rule 41(a)(2) governs voluntary dismissals after the opposing party has filed an answer or motion for summary judgment. Rule 41(a)(2) provides that an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. A Rule 41(a)(2) dismissal is presumed to be without prejudice unless explicitly found to be otherwise. When considering a motion to dismiss without prejudice, it is important to evaluate the prejudice suffered by the opposing party when balancing respective interests. *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996 ) (citations omitted). However, when a plaintiff files a motion to dismiss with prejudice, as in this case, courts have felt compelled to grant the motion to dismiss. *See, e.g., F. D. I. C. v. Becker*, 166 F.R.D. 14, 15 (D. Md. 1996); *Shepard v. Egan*, 767 F. Supp. 1158, 1165 (D. Mass. 1990); *Securities and Exchange Comm'n v. The American Bd. of Trade, Inc.*, 750 F. Supp. 100, 105 (S.D.N.Y. 1990); *Smoot v. Fox*, 340 F.2d 301, 302 (6th Cir. 1964).

The Intervenor Plaintiffs argue that granting the motion to dismiss will defeat their claims because of certain language in the Settlement Agreement and Release and the Order of Dismissal. Specifically, the Intervenor Plaintiffs contend that PNM and Plaintiff will argue based on that language that a mandamus could not issue because Plaintiff has no remaining right to pursue its claims and enforce the Code. In effect, the Intervenor Plaintiffs are contending that the Settlement Agreement and Release and the Order of Dismissal will have a *res judicata* effect on their suit.

---

[1] "A district judge does not abuse his discretion in granting a motion to dismiss without first holding a hearing if he is familiar with the relevant issues, and if the defendants have adequate notice and opportunity to be heard on the plaintiff's motion to dismiss." *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 51 (1st Cir. 1981). That is the case here.

For a claim to be barred by *res judicata* three elements must be met:  (1) a final judgment on the merits in the prior suit; (2) the prior suit involved identical claims as the claims in the present suit; and (3) the prior suit involved the same parties or their privies.  *Satsky v. Paramount Communications, Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993).  Here, a voluntary dismissal with prejudice could be interpreted as a dismissal on the merits.  *See Bioxy, Inc. v. Birko Corp.*, 935 F. Supp. 737, 740 (E.D.N.C. 1996).  In addition, the suit-in-intervention contains the same claims raised in the primary lawsuit but also includes other claims not raised in the primary lawsuit. The Intervenor Plaintiffs, however, were not parties in the primary lawsuit.  Moreover, the BLM is not named as a Defendant in the suit-in-intervention.  Since the parties are different in the suit-in-intervention, I find that *res judicata* would not apply.  Consequently, the Intervenor Plaintiffs would not be prejudiced by the voluntary dismissal.  The Court notes that on the other hand, Plaintiff will be seriously prejudiced if forced to remain in the case since the purpose of the settlement was to avoid the expenses and inconvenience of litigation.  *See Becker*, 166 F.R.D. at 16.

Wherefore,

IT IS ORDERED that Plaintiff, PNM, and the BLM's Motion to Dismiss Under Rule 41(a)(2), filed February 2, 2000 *(Doc. 48)*, is **granted**, and the amended complaint is dismissed with prejudice.  The Order of Dismissal Under Rule 41(a)(2) submitted to the Court by Plaintiff, PNM, and the BLM will also be entered.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

-4-

Counsel for Plaintiff:

    Maria H. Perides-Gross
    Barbara L. Mulvaney
    Santa Fe County Attorney's Office
    Santa Fe, New Mexico

Counsel for PNM:

    Susan M. D. McCormack
    Richard B. Cole
    Kurt Wihl
    Keleher & McLeod
    Albuquerque, New Mexico

Counsel for United States:

    John W. Zavitz, AUSA
    U. S. Attorney's Office
    District of New Mexico
    Albuquerque, New Mexico

Counsel for Intervenors:

    Jon T. Neumann
    Bennett Evan Cooper
    Steptoe & Johnson
    Phoenix, Arizona