IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COUNTY OF SANTA FE, NEW MEXICO,

       Plaintiff,

  vs.

PUBLIC SERVICE COMPANY OF NEW MEXICO,
and THE UNITED STATES OF AMERICA, acting by
and through the DEPARTMENT OF INTERIOR,
BUREAU OF LAND MANAGEMENT,

       Defendants.                                  No. CIV 99-0289 JC/KBM  (ACE)

HACIENDA DEL CEREZO, LTD.; MOSS FARMS,
L.L.C.; ENERGY CONCERNED HOME OWNERS; and
SANTA FE NORTHWEST ADVISORY COUNCIL, on
behalf of themselves and the STATE OF NEW MEXICO,

       Plaintiffs-in-Intervention,

  vs.

PUBLIC SERVICE COMPANY OF NEW MEXICO; the
COUNTY OF SANTA FE; the COUNTY OF SANTA FE
BOARD OF COUNTY COMMISSIONERS; and RICHARD
D. ANAYA, PAUL DURAN, JAVIER M. GONZALES,
JOE S. GRINE, JR., and MARK TRUJILLO, in their
capacity as Commissioners of the County of Santa Fe,

       Defendants-in-Intervention.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Public Service Company of New Mexico (PNM) and the County of Santa Fe's (County) Motion to Dismiss the Complaint in Intervention Without Prejudice Due to Plaintiff's Failure to Name a Necessary and Indispensable Party, filed March 8, 2000 *(Doc. 53)*. PNM and the County argue that the Intervenor Plaintiffs failed to name a necessary and indispensable party, the United States Bureau of Land Management (BLM), as a

Defendant in the Complaint in Intervention. In support of their motion to dismiss, PNM and the County argue that the law of the case established by the Court's Order, filed August 13, 1999 *(Doc. 25)*, mandates that the BLM is a necessary and indispensable party. PNM and the County also argue in the alternative that under FED. R. CIV. P. 19, the BLM is a necessary and indispensable party.

Under the law of the case doctrine, "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (citations omitted). However, the law of the case applies only when "there has been a final decision." *Fox v. Mazda Corp. of America*, 868 F.2d 1190, 1194 (10th Cir. 1989). "Finality in this sense does not refer to technical concepts of finality but rather is a functional finality which 'seeks to identify a determination intended to put a matter to rest.'" *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1322 (5th Cir. 1989) (quoting 18 C. WRIGHT, A. MILLER & C. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478 (1981)). Circumstances warranting departure from the doctrine of the law of the case are narrow, *United States v. Monsisvais*, 946 F.2d 114, 117 (10th Cir.1991), and the instances in which they apply are rare, *Cohen v. Brown Univ.*, 101 F.3d 155, 168 (1st Cir. 1996), *cert. denied*, 520 U.S. 1186 (1997). "[T]he law of the case must be followed 'unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.'" *Monsisvais*, 946 F.2d at 117 (quoting *White v. Murtha*, 377 F.2d 428, 432 (5th Cir. 1967)).

To begin with, I find that the August 13, 1999 Order is a final decision for law of the case purposes. I further find that the law of the case doctrine binds an intervenor to final decisions entered

before the intervenor became a party to the case.  *See Miller v. Alamo*, 975 F.2d 547, 551 (8th Cir. 1992); *Ranger Fuel Corp. v. Youghiogheny and Ohio Coal Co.*, 677 F.2d 378, 380 (4th Cir.), *cert. denied*, 459 U.S. 836 (1982); *Capital Investors Co. v. Executors of Morrison's Estate*, 584 F.2d 652 (4th Cir. 1978); *Galbreath v. Metropolitan Trust Co. of Cal.*, 134 F.2d 569, 570 (10th Cir. 1943).  Accordingly, I conclude that unless the Intervenor Plaintiffs can show that one of the exceptions to the law of the case applies, the Intervenor Plaintiffs are bound by the August 13, 1999 Order which found that the United States is a proper Defendant under Rule 19(a)(2).

The Intervenor Plaintiffs do not contend that there is new evidence which would change the outcome of the August 13, 1999 Order.  Additionally, there is no indication that controlling authority has since made a contrary decision of law applicable to Rule 19 issues.  The Intervenor Plaintiffs can only argue that the August 13, 1999 Order was clearly erroneous and would work a manifest injustice.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U. S. Gypsum Co.*, 333 U.S. 364, 395, *reh'g denied*, 333 U.S. 869 (1948).  In other words, the clearly erroneous standard requires that "'a decision must strike [the Court] as more than just maybe or probably wrong; it must ... strike [the Court] as wrong with the force of a five-week old, unrefrigerated dead fish.'"  *National Excess Ins. Co. v. Civerolo, Hansen & Wolf, P. A.*, 139 F.R.D. 401, 402 (D.N.M. 1991) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988), *cert. denied,* 493 U.S. 847 (1989)).  My previous finding that the United States should be joined as a necessary party does not strike me "with the force of a  five-week old, unrefrigerated dead fish."  Therefore, I cannot find that the August 13, 1999 Order was clearly erroneous nor can I find that a manifest injustice would occur if I continue to apply the law in that Order to this case in intervention.

To summarize, I conclude that the August 13, 1999 Order is the law of the case and it applies to the Intervenor Plaintiffs. The Intervenor Plaintiffs have not shown that any of the exceptions to the law of the case doctrine apply here. Consequently, the Intervenor Plaintiffs will be allowed to amend their Complaint in Intervention to add the BLM as a defendant or else risk having their case dismissed without prejudice. Since the August 13, 1999 Order is controlling in this matter, I find no need to address the Intervenor Plaintiffs' arguments that the BLM is not a necessary and indispensable party under Rule 19.

Wherefore,

IT IS ORDERED that PNM and the County's Motion to Dismiss the Complaint in Intervention Without Prejudice Due to Plaintiff's Failure to Name a Necessary and Indispensable Party, filed March 8, 2000 *(Doc. 53)*, is **granted**.

IT IS FURTHER ORDERED that the Intervenor Plaintiffs shall add the BLM as a defendant within 15 days after this Memorandum Opinion and Order is filed. Failure to add the BLM as a defendant within the 15-day period will result in a dismissal of this cause without prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Counsel for Intervenors: | Jon T. Neumann, Bennett Evan Cooper<br>Steptoe & Johnson<br>Phoenix, Arizona |
| Counsel for Plaintiff: | Maria H. Perides-Gross, Barbara L. Mulvaney<br>Santa Fe County Attorney's Office<br>Santa Fe, New Mexico |
| Counsel for PNM: | Susan M. D. McCormack, Richard B. Cole, Kurt Wihl<br>Keleher & McLeod<br>Albuquerque, New Mexico |
| Counsel for United States: | John W. Zavitz, AUSA<br>U. S. Attorney's Office, District of New Mexico<br>Albuquerque, New Mexico |